FILED
AUG 05 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:14-CV-00734 |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address | ) |
| 50.141.132.4, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO QUASH SUBPOENA SERVED UPON CUSTODIAN OF RECORDS, COMCAST, AND MEMORANDUM OF AUTHORITIES

COMES NOW John Doe, states as follows:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), JOHN DOE files this Motion to Quash Subpoena served upon Custodian of Records, Comcast, because the subpoena requires disclosure of protected information and subjects John Doe to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link JOHN DOE to alleged infringing activity.

2. That on May 10, 2014 Plaintiff filed suit in the Southern District of Indiana against 18 unnamed DOE defendants, who are identified in each Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3. John Doe is a resident of the City of Indianapolis, Indiana. Comcast is an internet service provider (ISP) that provides internet service to its customers, including John Doe

1

605. Plaintiff, Malibu Media, LLC, on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Comcast, to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of John Doe, so John Doe can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of the subpoena is attached as Exhibit A.

4. John Doe has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which John Doe has personal and proprietary interests. John Doe also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

5. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered. The Southern District of Indiana thus lacks personal jurisdiction over John Doe.

6. The Malibu Media, LLC complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding

that, "IP subscribers are not necessarily copyright infringers...The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast to turn over the requested information, John Doe would suffer a reputational injury.

7. John Doe resides in a residential neighborhood where any neighbor or passing vehicle had access to and had ample opportunity to use John Doe IP address, for their own purposes, without detection. The likelihood that an individual, other than John Doe, infringed Plaintiff's copyrights is too great to support any correlation between John Doe and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young woman from public

exposure and association with the Malibu Media, LLC allegations—even if later disproven—is too great and presents an undue burden to John Doe under FED. R. CIV. P. 45(c)(3)(A)(iv).

8. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as John Doe will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here.

9. Moreover, this case presents the same extortion risk that so concerned Judge Baker: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Such abuse of the discovery process cannot be allowed to continue.

10. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the

identity of the infringer. VPR Internationale Order, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that John Doe was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to John Doe is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to John Doe if allowed to proceed. Good cause exists to quash the subpoena served on Comcast to compel the disclosure of the name, address, telephone number and e-mail address of John Doe.

Wherefore, John Doe requests that this Court quash the subpoena served on Comcast in this matter.

Respectfully submitted,

_____
John Doe

## CERTIFICATE OF SERVICE

This is to certify that a true, correct and complete copy of the forgoing Motion to Quash Subpoena was served vie First Class Mail, postage pre-paid and Electronic Mail, addressed to Plaintiff's counsel of record as follows:

Paul J. Nicoletti

NICOLETTI LAW, PLC

3317 Woodward Avenue, #433

Birmingham, MI 48009

*/s/ John Doe*

John Doe